**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

JOHN E. MORROW; ILEANA
MORROW; JOHN A. DONNELLY; and
PAMELA J. DONNELLY,

        Petitioners,

v.                                                Case No. 6:16-cv-636-Orl-37TBS

DIAMOND RESORTS
INTERNATIONAL, INC.; and DIAMOND
RESORTS U.S. COLLECTION
DEVELOPMENT, LLC,

        Respondents.

## ORDER TO SHOW CAUSE

This cause is before the Court on the following:

1. The Court's Order to Show Cause (Doc. 23), filed July 18, 2016; and

2. Petitioners' Response to Order to Show Cause Why Case Should Not Be Dismissed For Want of Subject Matter Jurisdiction (Doc. 24), filed July 19, 2016.

On April 14, 2016, Petitioners initiated this action pursuant to the Federal Arbitration Act ("**FAA**"), 9 U.S.C. § 4, seeking to compel arbitration against Diamond Resorts International, Inc. and Diamond Resorts U.S. Collection Development, LLC in Orange County, Florida. (Doc. 1 ("**Petition**").)

"[T]he FAA does not confer subject matter jurisdiction on federal courts. Instead, federal courts must have an independent jurisdictional basis to entertain cases arising under the FAA." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997). Because the Court was unable to discern an independent basis for federal jurisdiction

upon review of the Petition, the Court ordered Petitioners to show cause why the action should not be dismissed for want of subject matter jurisdiction. (Doc. 23 ("**OTSC**").)

In response to the OTSC, Petitioners claim that the Court has diversity jurisdiction over the action. (Doc. 24 ("**Response**").) In diversity cases, district courts have original jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Complete diversity requires that the citizenship of each plaintiff be diverse from the citizenship of every defendant. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). The removing party "must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement [of $75,000] [("**AIC Requirement**")]" *Allen v. Toyota Motor Sales, U.S.A., Inc.*, 155 F. App'x 480, 481 (11th Cir. 2005) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001)).

Petitioners argue that diversity jurisdiction is established because they are "residents" of California and, therefore, are diverse "relative to the place of charter of the proper Respondent"—Diamond Resorts Hawaii Collection, LLC, a Delaware Limited Liability Company ("**Proper Respondent**").[1] (Doc. 24, p. 2.) However, diversity jurisdiction requires that the citizenship, not the residency, of Petitioner be diverse from that of Respondent. *See Lincoln Prop*, 546 U.S. at 89; *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key . . . ."). Moreover, for the purposes of diversity jurisdiction, the citizenship of an LLC is determined by the citizenship of each of its members. *See Rolling Greens MHP, L.C. v. Comcast SCH*

---

[1] Petitioners concede that they named the wrong Respondent in the Petition and seek leave to amend the Petition to name the proper parties. (*See* Doc. 24, p. 3.)

*Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). An LLC is a citizen of any state where one or more of its members is a citizen. *Id.* Petitioners fail to establish the citizenship of the Proper Respondent. (*See* Doc. 24.)

Additionally, Petitioners altogether fail to address the AIC Requirement in the Response. (*See id.*) The Court is not persuaded that Petitioners will be able to demonstrate an independent basis for federal jurisdiction. Nevertheless, the Court will provide Petitioners one last opportunity to file an amended Petition that: (1) names the proper parties; (2) identifies the *citizenship* of *each* party, including the citizenship of each member of any non-incorporated party as required by *Rolling Greens*; (3) adequately alleges how the AIC Requirement is satisfied; and (4) otherwise establishes the basis for this Court's subject matter jurisdiction.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. The Petition to Compel Arbitration in Orange County, Florida and Other Relief with Memorandum of Law (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

2. On or before Monday, **August 1, 2016**, Petitioners may file an amended petition consistent with the strictures of this Order. Failure to do so successfully **will** result in this action being dismissed and closed.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 21, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record