**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

JOHN E. MORROW; ILEANA
MORROW; JOHN A. DONNELLY; and
PAMELA J. DONNELLY,

        Petitioners,

v.                                          Case No. 6:16-cv-636-Orl-37TBS

DIAMOND RESORTS HAWAII
COLLECTION DEVELOPMENT, LLC,

        Respondent.

**ORDER**

This cause is before the Court on the Amended Petition to Compel Arbitration in Orange County, Florida, and Other Relief, with Memorandum of Law (Doc. 32), filed August 1, 2016.

In response to the Court's *sua sponte* inquiry into its subject matter jurisdiction, Petitioners filed an amended petition to compel arbitration, contending that the Court has diversity jurisdiction over the action. (Doc. 32 ("**Amended Petition**").) In support, they allege that: (1) Petitioners John and Ileana Morrow are citizens of California; (2) Petitioners John and Pamela Donnelly are citizens of Florida; and (3) Respondent Diamond Resorts Hawaii Collection Development, LLC[1] "is a Delaware limited liability company, the managing member of which is an entity [("**Entity**")] . . . chartered under the

---

[1] The original Petition named Diamond Resorts International, Inc. and Diamond Resorts U.S. Collection Development, LLC as the respondents. (*See* Doc. 1.) However, the Amended Petition omits Diamond Resorts International, Inc. and Diamond Resorts U.S. Collection Development, LLC and names Diamond Resorts Hawaii Collection Development, LLC as the sole Respondent.

laws of Nevada and headquartered there, [and] the president of which is David Palmer, . . . a citizen of Nevada." (*Id.* at 1–2.)

For purposes of diversity jurisdiction, the citizenship of an LLC is determined by the citizenship of *each* of its members. *See Rolling Greens MHP, L.C. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). That is, an LLC is a citizen of any state where one or more of its members is a citizen. *Id.* Moreover, the citizenship of a corporation is determined by both its state of incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1).

The Amended Petition does not allege that Mr. Palmer and the Entity are the only members of Diamond Resorts Hawaii Collection Development, LLC; thus, the Court is unable to determine whether Petitioners have alleged the citizenship of *each* of the named Respondent's members. Further, Petitioners failed to indicate whether the Entity is a corporation or an LLC; thus, the Court is unable to determine whether Petitioners sufficiently alleged the citizenship of the Entity. The Court is, therefore, unable to determine whether Petitioners have established diversity jurisdiction. Consequently, the Amended Petition is due to be dismissed.

The Court is reluctant to dispose of the action on jurisdictional grounds if there is a viable basis on which Petitioners can establish the Court's jurisdiction. Thus, in an effort to resolve the action on the merits and in light of the fact that Petitioners named a new Respondent, the Court will grant Petitioners one last opportunity to cure these jurisdictional deficiencies.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Amended Petition to Compel Arbitration in Orange County, Florida, and Other Relief, with Memorandum of

Law (Doc. 32) is **DISMISSED WITHOUT PREJUDICE**. On or before **Monday, August 8, 2016**, Petitioners may file a second amended petition that establishes the Court's jurisdiction. Failure to timely file a response **will** result in this action being dismissed without prejudice **and closed**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 4, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record